UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re ALLEN L WISDOM,<br><br>Debtor,<br>_____<br><br>ALLEN L. WISDOM, an individual,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JEREMY J. GUGINO, an individual, FRANCIS R. STERN, an individual, ANTHONY M. PANTERA IV, an individual, NEW YORK LIFE INSURANCE COMPANY, a Mutual Life Insurance Co., DOES I to V, inclusive,<br><br>Defendants and Appellees. | Case No. 1:14-cv-00279-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Appellant Allen Wisdom's Motion for Leave to

Appeal in which he seeks review of the bankruptcy court's decision denying an oral

motion to recuse. Wisdom also seeks a writ of mandamus prohibiting United States Bankruptcy Judge Terry L. Myers from presiding over the adversary action below. For the reasons explained below, the Court will (1) deny the motion for leave to file an immediate appeal, (2) deny the petition for a writ of mandamus, and (3) dismiss this appeal.

## BACKGROUND

Appellant Allen Wisdom filed a chapter 7 bankruptcy case in April 2011. His case was assigned to United States Bankruptcy Judge Jim D. Pappas. In December 2013, Mr. Wisdom commenced an adversary proceeding against the chapter 7 trustee, Jeremy Gugino. Judge Pappas recused himself from presiding over the adversary action, which was then reassigned to United States Bankruptcy Judge Terry L. Myers.

Wisdom objected to the reassignment because seven years earlier, Gugino had served as Judge Myers' term law clerk. Judge Myers denied Wisdom's oral motion for recusal. *See May 23, 2014 Order Denying Oral Motion to Recuse,* Dkt. 1-3; *see also accompanying May 23, 2014 Memorandum Decision on Plaintiff's Oral Motion to Recuse,* Bankr. Dkt. 59.[1] Wisdom now seeks an order allowing him to appeal the interlocutory order denying his motion to recuse. Alternatively, he seeks a writ of

---

[1] All references to the "Bankr. Dkt." in this decision refer to docket in *Wisdom v. Gugino (In re Wisdom,* Adversary Case No. 13-06045-TLM (Bankr. D. Idaho).

mandamus prohibiting Judge Myers from presiding over the adversary action. *See* Dkt. 1-4.

## ANALYSIS

A bankruptcy court's order denying a motion to recuse is an interlocutory order – not a final order. *See* 28 U.S.C. § 158(a)(3); *see also, e.g., Stewart Enterprises, Inc. v. Horton (In re Horton),* 621 F.2d 968, 970 (9th Cir. 1980) ("The decision of a bankruptcy judge not to disqualify himself, however, cannot be appealed until a direct appeal is taken from a final decision adverse to the moving party."). District courts have discretion in deciding whether to entertain interlocutory orders, such as orders denying a motion to recuse. *See* 28 U.S.C. § 158(a)(3).

In exercising this discretion, district courts are guided by the following standard: "Leave to appeal should not be granted unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation. *In re NSB Film Corp.*, 167 B.R. 176, 180 (9th Cir. BAP 1994) (citation omitted).

Having considered all of these factors, the Court easily concludes that the motion for leave to file an immediate appeal should be denied. Most compellingly, there is nothing in the record suggesting that a recusal is warranted under the governing legal standard. This point is explained thoroughly in Judge Myers' written decision. *See* Bankr. Dkt. 59. As a result, this Court concludes that allowing the adversary to move

forward with Judge Myers presiding will not result in wasted litigation and expense. Further, Wisdom still has the right to appeal final orders; there is no question as to the controlling law; and an immediate appeal would only serve to unnecessarily prolong this action. The motion for leave to appeal will therefore be denied.

The Court is also unpersuaded by Wisdom's alternative petition for a writ of mandamus under 28 U.S.C. § 1651(a). In determining whether such a writ should issue, the Court considers whether (1) Wisdom has no other adequate means, such as a direct appeal, to attain the desired relief; (2) he will be damaged or prejudiced in a way not correctable on appeal; (3) the bankruptcy court's order is clearly erroneous as a matter of law; (4) the bankruptcy court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the bankruptcy court's order raises new and important problems, or an issue of law of first impression. *See In re Morgan*, 506 F.3d 705, 718 (9th Cir. 2007). All of these factors militate against issuing a writ of mandamus.

Lastly, the Court will address Wisdom's objection that the trustee did not timely object to Wisdom's motion to file an immediate appeal. *See Plaintiff's Objection*, Dkt. 6. This particular objection is irrelevant because even without considering the objection, the Court would have denied Wisdom's motion and alternative petition for a writ of mandamus for the reasons explained above.

# ORDER

**IT IS ORDERED that:**

1. Appellant's Motion for Leave to Appeal (Dkt. 1-8) is **DENIED**.

2. Appellant's Request for a Writ of Mandamus (Dkt. 1-4) is **DENIED.**

3. Appellant's Motion for Enlargement of Time (Dkt. 7) is **MOOT.**

4. This appeal is **DISMISSED.**

DATED: December 10, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court